1  J. OWEN CAMPBELL (State Bar No. 229976)
   joc@severson.com
2  SEVERSON & WERSON
   A Professional Corporation
3  The Atrium
   19100 Von Karman Avenue, Suite 700
4  Irvine, California 92612
   Telephone: (949) 442-7110
5  Facsimile: (949) 442-7118

6  MARK JOSEPH KENNEY (State Bar No. 87345)
   mjk@severson.com
7  SEVERSON & WERSON
   A Professional Corporation
8  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
9  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439

10
   Attorneys for Defendants
11 BANK OF AMERICA, N.A., on its own behalf and as
   successor by merger to BAC Home Loans Servicing, LP
12 (erroneously sued as Bank of America National
   Association and BAC Home Loan Servicing, L.P.); and
13 MERRILL LYNCH MORTGAGE LENDING, INC.

14                **UNITED STATES DISTRICT COURT**

15               **CENTRAL DISTRICT OF CALIFORNIA**

16                        **WESTERN DIVISION**

17 | PAUL CLARK,                              | Case No. 2:12-cv-07797 MWF JEM
   |                                          | Hon. Michael W. Fitzgerald
18 |             Plaintiff,                   | Ctrm. 1600
   |                                          |
19 |      vs.                                 | **NOTICE OF MOTION AND MOTION TO DISMISS (FRCP 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
20 | BANK OF AMERICA NATIONAL                 |
   | ASSOCIATION; BAC HOME LOAN               |
21 | SERVICING, L.P.; MILA INC dba            |
   | MORTGAGE INVESTMENT                      |
22 | LENDING INC; MERRILL LYNCH               | Date:   November 5, 2012
   | MORTGAGE LENDING; WILSHIRE               | Time:   10:00 a.m.
23 | CREDIT CORPORATION, AAMES                | Ctrm.:  1600
   | HOME LOANS; and DOES 1 through           |
24 | 50,                                      | *[Filed concurrently with Request for Judicial Notice in Support of Motion to Dismiss]*
   |                                          |
25 |             Defendants.                  |
   |                                          |
26 |                                          | Action Filed:  September 11, 2012
   |                                          | Trial Date:    None Set

27

28

**TO PLAINTIFF, ALL PARTIES, AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that on Monday, November 5, 2012 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 1600 of the above-entitled Court, located at 312 Spring Street, Los Angeles, California, Defendants Bank of America, N.A. and Merrill Lynch Mortgage Funding, Inc. will and hereby do move for an order dismissing Plaintiff's complaint and all of the claims asserted in this action on the basis that each fails to state a claim for which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 1, 2012.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the request for judicial notice, the complaint, and all other pleadings and records on file in this action, and upon such other argument as may be presented at the hearing on this motion.

DATED: October 4, 2012          SEVERSON & WERSON
                                A Professional Corporation


                                By:    */s/ J. Owen Campbell*
                                           J. Owen Campbell

                                Attorneys for Defendants BANK OF AMERICA, N.A., on its own behalf and as successor by merger to BAC Home Loans Servicing, LP (erroneously sued as Bank of America National Association and BAC Home Loan Servicing, L.P.); and MERRILL LYNCH MORTGAGE LENDING, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff has filed seven pro se complaints in federal district courts over the past few years. Many of them have included some of the present defendants as defendants in those cases. Plaintiff's most recent complaint is difficult to decipher. It alleges that "defendants"—broadly, without any distinction between them— gave two mortgage loans on Texas properties in his name, but that he did not seek those loans and he is the victim of identity theft. The complaint also alleges that "defendants" foreclosed on two other properties on which Plaintiff did actually have loans, although the complaint does not say what was wrong with those foreclosures. Plaintiff brings four claims based upon these vague allegations, without identify which claim is alleged against which defendant.

Assuming arguendo that the four claims for relief are directed against Bank of America, N.A. and Merrill Lynch Mortgage Funding, Inc., the moving parties, each claim fails as a matter of law. The first, second, and fourth claims all appear to be based on the assertion that someone else used Plaintiff's name to obtain loans on two different properties under Plaintiff's name. But the judicially noticeable recorded documents for those to properties do not show any loans in Plaintiff's name.

The third cause of action appears to allege that there was some kind of concealment at the time Plaintiff obtained the two loans that he does admit borrowing. But he took those loans in 2005, and those loans were foreclosed in 2006 and 2007. The statute of limitations has long expired on any concealment claim based on these allegations.

For all these reasons and as is further set forth below, the complaint and all of Plaintiff's claims against the moving defendants should be dismissed.

## II.

## FACTS RELEVANT ON MOTION TO DISMISS

### A. Allegations of the Complaint

Plaintiff alleges that on July 7, 2005 he purchased the real property located at 12823 Memorial Drive, Houston, TX with two loans from MILA, Inc. *See* Complaint ¶ 20. On September 21, 2005, Plaintiff purchased the real property located at 4922 North Braeswood Boulevard, Houston, TX with a loan from Aames Home Loans. *See* Complaint ¶ 23. Plaintiff alleges that he was not provided with the loan documents for the Memorial Drive property until after the 2006 foreclosure sale. *See* Complaint ¶¶ 21, 26. Plaintiff alleges that after he obtained these loans from MILA, Inc. and Aames Home Loans, the servicing of the loans was transferred to Wilshire Credit Corporation. *See* Complaint ¶¶ 22, 25.

Plaintiff alleges that two other properties in Texas were purchased with loans in Plaintiff's name, but that he did not take out those loans, but rather someone else did so using his name and confidential information. *See* Complaint ¶ 29. Those properties are 5015 Heatherglen Drive, Houston, TX and 5239 Cheena Drive, Houston, TX. *Id*. Plaintiff appears to allege that the Heatherglen Drive and Cheena Drive properties were foreclosed upon, thus damaging his credit. *See* Complaint ¶ 30.

### B. The Judicially Noticeable Facts Regarding the Properties

Plaintiff admits borrowing the loans on the Memorial Drive and North Braeswood Boulevard properties. The recorded documents show that those properties were foreclosed upon in 2006 and 2007, respectively. *See* Request for Judicial Notice ("RJN") Exs. 1-2.

Plaintiff alleges that loans were taken out in his name on the Heatherglen Drive and Cheena Drive properties, and that when those properties were foreclosed, his credit suffered. But the recorded documents do not show any loans in Plaintiff's name secured by those properties. *See* RJN Exs. 3-9. Nor have those properties

1  been foreclosed. *Id.*

2  **C.     Plaintiff's Prior Pro Se Lawsuits**

3       Plaintiff has filed numerous lawsuits in federal district courts over the past
4  few years. These are: *Paul Clark, et al. v. A&P Loans, et al.*, Central District of
5  California, 09-00012; *Paul Clark, et al. v. Houston, TX Police Department, et al.*,
6  Central District of California, 09-01559; *Paul Clark v. Jane Waters, et al.*, Southern
7  District of Texas, 09-03798; *Paul Clark v. John Richard*, Southern District of Texas,
8  10-00145; *Paul Clark, et al. v. John Richard, et al.*, Southern District of Texas, 10-
9  00152; *Paul Clark v. John Richard, et al.*, Southern District of Texas, 10-00160;
10 *Paul Clark v. Brian T. Moynihan, et al.*, Central District of California, 12-02751.
11 See RJN Exs. 10-16. Several of these cases contain claims against lenders that
12 appear to allege wrongful foreclosure and/or identity theft.

13                                 **III.**

14              **THE COMPLAINT FAILS TO STATE A CLAIM**

15 **A.     The Complaint Does Not Meet Basic Pleading Requirements**

16      The complaint never clearly says which defendant is allegedly liable for what
17 acts, or even what the alleged wrongs are. Defendants are left to guess what
18 Plaintiff's case is about—particularly as to the purported identity theft issue, which
19 is not borne out by the recorded documents.

20      At a minimum, a plaintiff must "plead a short and plain statement of the
21 elements of his or her claim, identifying the transaction or occurrence giving rise to
22 the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*,
23 216 F.3d 837, 840 (9th Cir. 2000). Rule 8 requires each allegation to be simple,
24 concise, and direct. "Without some factual allegation in the complaint, it is hard to
25 see how a claimant could satisfy the requirement of providing not only 'fair notice'
26 of the nature of the claim, but also 'grounds' on which the claim rests." *Bell*
27 *Atlantic Corp. v. Twombly*, 550 U.S. 554, 556, n. 3 (2007).

28      Plaintiff fails to meet this minimal standard. This is especially true with

regard to the first, second, and fourth causes of action, all of which appear to allege that loans on two properties were given in Plaintiff's name due to identity theft. But Plaintiff does not say which of the many defendants allegedly did so, when they did so, or anything specific by which to identify the loans. Defendants have conducted a search of the title records for the two property addresses mentioned by Plaintiff in an attempt to determine who provided the loans. But the title records do not even show any loan to Plaintiff, or any foreclosure of the Heatherglen Drive and Cheena Drive properties. *See* RJN Exs. 3-9. Put simply, Plaintiff's allegations do not give Defendants the basic information they need to determine what they are alleged to have done wrong.

**B. The First, Second, and Fourth Claims Fail Because Plaintiff Does Not Allege Who Granted the Purported Loans, And There Are No Loans on the Identified Properties**

The first, second, and fourth claims all alleged that "defendants" gave loans on the Heatherglen Drive and Cheena Drive properties to third parties in Plaintiff's name, using his personal information, and that Plaintiff was the victim of identity theft. *See* Complaint ¶¶ 32-33, 39, 49.

The main problem with these claims is that they do not allege who gave the loans. Numerous lending companies are named in the complaint, but Plaintiff does not identify which defendant made the loan(s), nor does he identify what loan(s) he is talking about.

Moving Defendants Bank of America and Merrill Lynch Mortgage Lending checked the recorded documents for the Heatherglen Drive and Cheena Drive properties and did find any loans in Plaintiff's name. *See* RJN Exs. 3-9. Plaintiff did not own these properties, and they have not been foreclosed.

Since Plaintiff fails to identify which defendant allegedly gave the "identify theft" loans, and there are no loans to Plaintiff in the public record on the properties identified in the complaint, Plaintiff fails to state a claim upon which relief may be granted.

### C. The Third Claim, for Concealment, Fails As a Matter of Law

Plaintiff's third claim appears to be based on the loans that he admits taking: the loans on the Memorial Drive and North Braeswood Boulevard properties. Plaintiff alleges that "defendants" concealed the following facts from him: the true mortgage obligations; the true approximate monthly mortgage obligations; the cost to plaintiffs of financing the property; and that using their true monthly income and assets plaintiffs did not qualify to borrow enough money to purchase all of the properties placed in his name. *See* Complaint ¶ 43. These claims fail as to the moving defendants because: 1) neither Bank of America nor Merrill Lynch Mortgage Lending gave Plaintiff the loans at issue, and 2) the statute of limitations has expired.

#### 1. Plaintiff obtained the loans from MILA, Inc. and Aames

Plaintiff affirmatively alleges that he obtained the $332,000 and $83,000 loans on the Memorial Drive property from MILA, Inc., and that he obtained the $340,000 loan on the North Braeswood Boulevard property from Aames Home Loans. *See* Complaint ¶¶ 20, 23. The "facts" allegedly concealed were concealed when Plaintiff obtained the loans from those lenders. Plaintiff has not alleged any basis for liability on the part of Bank of America or Merrill Lynch Mortgage Lending. Therefore, Plaintiff fails to state a claim against those defendants.

#### 2. The statute of limitations has expired

Plaintiff obtained the loans in 2005. *See* Complaint ¶¶ 20, 23. Any concealment took place at that time.

The statute of limitations for fraud and concealment under California law is three years. Code Civ. Proc. § 338(d). The statute of limitations for fraud under Texas law is four years. Tex. Civ. Prac. & Rem. Code § 16.004(a)(4). In either case, the statute of limitations has long expired.

Even if Plaintiff were to allege that the statute of limitations was somehow tolled, it could not be tolled beyond the time of foreclosure, since Plaintiff must

1 have discovered his alleged injury from the loan funding at that time.  Here, the
2 foreclosures of these properties took place in 2006 and 2007.  *See* RJN Exs. 1-2.

### IV.
### CONCLUSION

The complaint just alleges that all of the defendants did something wrong.  It does not identify who did what, or even clearly allege what specific wrongs were committed.  For all the above reasons, Defendants respectfully submit that this motion to dismiss should be granted.

DATED:  October 4, 2012         SEVERSON & WERSON
                                A Professional Corporation


                                By:  */s/ J. Owen Campbell*
                                         J. Owen Campbell

                                Attorneys for Defendants BANK OF
                                AMERICA, N.A., on its own behalf and as
                                successor by merger to BAC Home Loans
                                Servicing, LP (erroneously sued as Bank of
                                America National Association and BAC Home
                                Loan Servicing, L.P.); and MERRILL LYNCH
                                MORTGAGE LENDING, INC.